J-S22008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES VASQUEZ, JR. | |
| Appellant | No. 1794 MDA 2015 |

Appeal from the PCRA Order September 16, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001511-2007
CP-36-CR-0001527-2007
CP-36-CR-0005118-2009
CP-36-CR-0005327-2008

BEFORE:  MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:              **FILED MARCH 09, 2016**

Appellant, Charles Vasquez, Jr., appeals from the September 16, 2015 order dismissing, as untimely, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en*

---

[*] Retired Senior Judge assigned to the Superior Court.

*banc*), and their progeny. After careful review, we affirm and grant counsel's petition to withdraw.[1]

We summarize the relevant procedural history of this case as follows. On March 10, 2010, Appellant entered into a negotiated guilty plea agreement with the Commonwealth and pled guilty to two counts of possession with intent to deliver, two counts of possession of drug paraphernalia, one count of fleeing from a police officer, five counts of receiving stolen property, one count of possession of a firearm prohibited, one count of theft by unlawful taking, and one count of operating a chop shop.[2] The trial court imposed an aggregate sentence of 5 to 10 years' imprisonment to cover all charges. Relevant to this appeal, two of the sentences were mandatory minimum sentences imposed pursuant to 42 Pa.C.S.A. § 9712.1. Appellant did not file a post-sentence motion, nor a direct appeal with this Court.

On May 5, 2014, Appellant filed the instant *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on July 15, 2014. The Commonwealth filed its answer on August 14, 2014. On July 8, 2015, the PCRA court entered an order notifying Appellant of its intention to

---

[1] The Commonwealth has elected not to file a brief in this matter.

[2] 35 P.S. §§ 780-113(a)(30), 780-113(a)(32), 75 Pa.C.S.A. § 3733(a), 18 Pa.C.S.A. §§ 3925(a), 6105(a)(1), 3921(a), and 18 P.S. § 1.3(1), respectively.

dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant did not file a response. The PCRA court entered an order dismissing Appellant's PCRA petition on September 16, 2015. On October 14, 2015, Appellant filed a timely notice of appeal.[3]

On appeal, counsel raises the following issue on Appellant's behalf.

> Whether the [PCRA] court erred when it denied [PCRA] relief on the basis that the PCRA petition was filed untimely?

*Turner*/*Finley* Brief at 2.

Prior to considering Appellant's issue, we must review PCRA counsel's request to withdraw from representation. Our Supreme Court has articulated the requirements PCRA counsel must adhere to when requesting to withdraw, which include the following.

> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless[.]

*Commonwealth v. Pitts*, 981 A.2d 875, 876 (Pa. 2009), *quoting* *Finley*, *supra* at 215. "Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3)

---

[3] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner/Finley**, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Id.** (citation omitted).

Instantly, we determine that PCRA counsel has complied with the requirements of **Turner**/**Finley**. Specifically, PCRA counsel's **Turner**/**Finley** brief and petition to withdraw[4] detail the nature and extent of PCRA counsel's review, address the untimeliness of Appellant's PCRA petition, and explain and conclude that the issue lacks merit. Additionally, PCRA counsel served Appellant with a copy of the petition to withdraw and **Turner**/**Finley** brief, advising Appellant that, if PCRA counsel was permitted to withdraw, Appellant had the right to proceed *pro se* or with privately retained counsel. Appellant has not filed any response. We proceed, therefore, to conduct an independent merits review of Appellant's issue.

---

[4] We note that counsel has included his petition to withdraw as a section of his **Turner**/**Finley** brief, rather than filing a separate petition to withdraw.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

As noted above, Appellant's issue on appeal addresses the timeliness of his instant PCRA petition, which implicates the jurisdiction of this Court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended

only if the PCRA permits it to be extended[.]" ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, ***Ali v. Pennsylvania***, 135 S. Ct. 707 (2014). This is to "accord finality to the collateral review process." ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been

> ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> …

42 Pa.C.S.A. § 9545(b).

In the instant case, Appellant was sentenced on March 4, 2010 and did not file a direct appeal with this Court. Therefore, Appellant's judgment of sentence became final on April 5, 2010, when the 30-day period for filing a notice of appeal with this Court expired.[5] **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); Pa.R.A.P. 903(c)(3) (stating, "[i]n a criminal case in which no

---

[5] We observe that the 30th day fell on Saturday, April 3, 2010. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely notice of appeal was Monday, April 5, 2010.

post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court[]"). Appellant filed his petition on May 5, 2014, and therefore it is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1) (stating, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[]").

Instantly, Appellant's PCRA petition asserts that Appellant's mandatory minimum sentences under Section 9712.1 are unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and therefore illegal. *Turner*/*Finley* Brief at 2. However, as counsel acknowledges, judicial opinions are not considered new facts for the purposes of Section 9545(b)(1)(ii). *See Watts*, *supra* at 987. Furthermore, counsel acknowledges that *Alleyne* does not satisfy the new constitutional right exception to the time-bar. *See generally Commonwealth v. Miller*, 102 A.3d 988, 994-995 (Pa. Super. 2014). In addition, *Alleyne* was decided on June 17, 2013, and Appellant's petition was filed on May 5, 2014, 322 days later, in violation of the 60-day rule at Section 9545(b)(2). Therefore, counsel is correct that Appellant's PCRA petition was untimely filed and no time-bar exception applied.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely. Accordingly, we affirm the

PCRA court's September 16, 2015 order and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2016